# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FRANCES LANEY,

                Plaintiff,

    v.

INDEPENDENCE BLUE CROSS, et al.,

                Defendants.

CIVIL ACTION

No. 06-4175

## MEMORANDUM

September 14, 2007,

Before the court is plaintiff Frances Laney's motion to remand this action to the Philadelphia Court of Common Pleas. Laney grounds her motion to remand on the untimeliness of defendants'[1] notice of removal. Upon consideration of Laney's motion, defendants' response, the notice of removal, and the related exhibits, the court finds that: (1) to the extent that this case is removable, such removability was apparent from the face of Laney's state-court complaint; and (2) defendants did not file their notice of removal within thirty days after being served with a copy of Laney's state-court complaint, as required by 28 U.S.C. § 1446(b). Accordingly, the case will be remanded to the

---

[1] Named defendants Independence Blue Cross, Broadspire Services, Inc. (doing business as Kemper National Services), and Independence Family of Companies Short Term Disability Plan will be referred to collectively as "defendants."

Philadelphia Court of Common Pleas.

## I. Background

On March 17, 2006, Laney commenced a civil action against the defendants in the Philadelphia Court of Common Pleas through a writ of summons. *See* Defs.' Notice Removal ¶ 1 (Docket No. 1).[2]  "On or about July 14, 2006, Plaintiff caused to be served a Civil Action Complaint on Defendants." *Id.* ¶ 3.  This complaint[3] alleged that defendants "sponsored a LTD [long-term disability] Plan . . . pursuant to [ERISA[4]]," Compl. ¶ 9, and that Laney was entitled to an award of long-term disability benefits or damages measured, in part, in terms of expected long-term disability benefits.[5]

─────────────────────────

[2] Laney had commenced an earlier action against the defendants in this court in 2004.  *See Laney v. Independence Blue Cross, et al.*, Civ. No. 04-1822 (E.D. Pa. filed Apr. 27, 2004).  That action was dismissed for lack of subject matter jurisdiction.  *See id.,* 2006 WL 724559 (Mem./Order filed Mar. 14, 2006).

[3] This complaint will be referred to as "the complaint" or "the state-court complaint" and cited as "Compl."

[4] The Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001–1461.

[5] The following allegations in Laney's state-court complaint are material to the disposition of the pending motion to remand:

•    "IBC [Independence Blue Cross] . . . sponsored a LTD [long-term disability] Plan for claims made by employees of the IBC Family of Companies pursuant to the Employee Retirement Income Security Act ('ERISA')."  Compl. ¶ 9;

•    "As a result of . . . breaches of fiduciary duty [by all defendants], Plaintiff . . . . was wrongfully terminated and prevented from claiming long-term disability benefits."  Compl. ¶ 80;

•    "An order declaring that Plaintiff is eligible for and entitled to both STD [short-term disability] and LTD benefits and awarding such benefits is appropriate."  Compl. ¶ 81;

On August 17, 2006, the Court of Common Pleas held a case management

conference.  At this conference, Laney submitted to the court and defendants a form titled

"Case Management Conference Memorandum," *see* Defs.' Notice Removal, ex. 1.  Under

the heading of "amount of damages claimed by Plaintiff," the form listed multiple

elements of damages, including, *inter alia*, "Disability Benefits at 60% of salary until

2019."  *Id.* ¶ B.5.[6]

Defendants' counsel followed up on this conference by dispatching a letter to

Laney's counsel, dated September 1, 2006, which read in part:

---

- "As a result of [Independence Blue Cross's] wrongful termination Plaintiff is entitled to . . . compensation for loss [sic] benefit eligibility including Long-Term disability benefits and pension benefits . . . ."  Compl. ¶ 91;
- "Plaintiff has the right of enforcing payment of short and long-term disability benefits pursuant to the Pennsylvania Wage Payment and Collection Law . . . ." Compl. ¶ 93;
- "WHEREFORE, Plaintiff demands judgment in her favor and against Defendants, . . . together with interest, reasonable attorney fees, value of lost retirement benefits and costs . . . ."  Compl. ("wherefore" clause following ¶ 81, demanding judgment as to Count II (breach of fiduciary duty));
- "WHEREFORE, Plaintiff demands judgment . . . together with . . . reinstatement value of lost benefits . . . ."  Compl. ("wherefore" clause following ¶ 91, demanding judgment as to Count III (wrongful termination));
- "WHEREFORE, Plaintiff demands judgment . . . in the amount of her lost benefits, interest, reasonable attorney's fees and costs . . . ."  Compl. ("wherefore" clause following ¶ 95, demanding judgment as to Count IV (violation of the Pennsylvania Wage Payment and Collection Law)).

[6] Paragraph 5 of the Case Management Conference Memorandum form is further sub-divided into "(a) Direct," "(b) Consequential," and "(c) Other" damages.  However, because plaintiff's list of damages spans the entire area reserved for subsections (a), (b), and (c), it is not clear from the form whether the phrase "Disability Benefits at 60% of salary until 2019" is intended as a claim of direct, consequential, or "[o]ther" damages.

> [W]e view your claim for "Disability Benefits . . . until 2019[]" as nothing
> more than a demand for benefits pursuant to Independence Blue Cross'
> Long-Term Disability Plan ("LTD Plan").
>
> [I]nsofar as your Direct Damages demand asserts a cause of action
> against Defendants for benefits pursuant to the LTD plan: (1) you have not
> so alleged in your Complaint; and (2) the LTD Plan is governed by ERISA,
> and any contract action based on the law of the Commonwealth of
> Pennsylvania is pre-empted.
>
> Therefore, we are requesting that you retract your . . . claim for
> "Disability Benefits at 60% of salary until 2019" . . . .  Otherwise, we will
> be forced to remove this action to federal court pursuant to 28 U.S.C.
> §§ 1441 and 1446 . . . .

Defs.' Notice Removal, ex. 2 (Sept. 1, 2006 letter from Richard J. DeFortuna, Esq., to

Bruce L. Neff, Esq.).

Laney's counsel, in a letter to defendants' counsel dated September 7, 2006,

responded as follows: "Ms. Laney is not making a direct claim for long-term disability

benefits.  Ms. Laney intends to seek recovery including an amount equal to recoverable

long-term disability benefits to the extent that such damages are appropriate consequential

damages with respect to the alleged causes of action."  *Id.*, ex. 3 (Sept. 7, 2006 letter from

Martin J. Beck, Esq., to Richard J. DeFortuna, Esq.).

On September 18, 2006, defendants filed a notice of removal in this court.  *See*

Docket No. 1 (filed Sept. 18, 2006; entered Sept. 19, 2006).  On October 5, 2006, Laney

filed a motion to remand on the grounds that defendants' notice of removal was untimely

under 28 U.S.C. § 1446(b).  *See* Docket No 4.

## II. Discussion

In addition to demonstrating a basis for federal jurisdiction, a defendant seeking to

remove an action to federal court must comply with the deadlines set forth in § 1446(b).

Under § 1446(b), in most cases, service of the state-court complaint on a defendant

triggers a thirty-day deadline for filing of a notice of removal.  *See* 28 U.S.C. § 1446(b)[7];

*Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 222–23 (3d Cir. 2005).  However, if the

complaint does not itself provide notice of the removability of the action, the thirty days

will not begin to run until the defendant receives "an amended pleading, motion, order or

other paper from which it may first be ascertained that the case is one which is or has

become removable."  *See* 28 U.S.C. § 1446(b).[8]  Finally, "[i]f there is any doubt as to the

propriety of removal, that case should not be removed to federal court."  *Brown v.*

---

[7] The first paragraph of § 1446(b) reads:

> The notice of removal of a civil action or proceeding shall be filed
> within thirty days after the receipt by the defendant, through service or
> otherwise, of a copy of the initial pleading setting forth the claim for relief
> upon which such action or proceeding is based, or within thirty days after
> the service of summons upon the defendant if such initial pleading has then
> been filed in court and is not required to be served on the defendant,
> whichever period is shorter.

28 U.S.C. § 1446(b).

[8] The second paragraph of § 1446(b) reads:

> If the case stated by the initial pleading is not removable, a notice of
> removal may be filed within thirty days after receipt by the defendant,
> through service or otherwise, of a copy of an amended pleading, motion,
> order or other paper from which it may first be ascertained that the case is
> one which is or has become removable, except that a case may not be
> removed on the basis of jurisdiction conferred by section 1332 of this title
> more than 1 year after commencement of the action.

28 U.S.C. § 1446(b).

*Francis*, 75 F.3d 860, 865 (3d Cir. 1996).[9]

Laney has moved for remand on the ground that defendants' notice of removal was untimely.  She contends, further, that the state-court complaint "clearly provides notice of a claim to pursue damages bearing some relation to lost eligibility to pursue long-term disability benefits."  Pl.'s Mem. Supp. Mot. Remand 1.

In response, defendants concede that they filed their notice of removal more than thirty days after being served with the state-court complaint.  *See* Pl.'s Mem. Supp. Mot. Remand 1 (stating that the complaint was served "sixty-three (63) days" before the filing of the notice of removal).  They contend, however, that their September 18, 2006, notice of removal was nevertheless timely because it was not apparent from the face of the complaint that the action was removable under ERISA, and that the action's removability became apparent only when — and the thirty-day deadline was not triggered until — defendants' counsel's received Laney's counsel's September 7, 2006 letter.  *See* Defs.' Notice Removal ¶ 9; Defs.' Opp. Pl.'s Mot Remand 1, 5–7.

---

[9] This interpretive rule is often invoked and justified in terms of the existence *vel non* of federal removal *jurisdiction*.  *See Brown*, 75 F.3d at 864–65; *see also, e.g.*, *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990); *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987); *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985).  Nevertheless, upon a timely motion to remand, doubts as to the *procedural* propriety of removal also should be resolved in favor of remand.  *See Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002) ("[S]tatutory procedures for removal are to be strictly construed.");  *Shamrock Oil Corp. v. Sheets*, 313 U.S. 100, 108–109 (1934) (stating that Congressional policy underlying removal statutes "is one calling for the strict construction of such legislation"); *Pottstown Daily News Publ'g Co. v. Pottstown Broad. Co.*, 247 F. Supp. 578, 583 (E.D. Pa. 1965) ("A large body of cases supports the proposition that [§ 1446] . . . is to be strictly construed . . . .").

Defendants' argument is without merit.  Defendants removed this action on the ground that ERISA preempts Laney's state-law claims for benefits under an ERISA-governed long-term disability ("LTD") plan.  *See* Defs.' Notice Removal ¶ 8; Defs.' Opp. Pl.'s Mot. Remand 7–8; *cf. Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 62–67 (1987) (holding that "complete preemption exception" to the "well-pleaded complaint" rule of removability applies to state-law "suit[s] by . . . beneficiar[ies] to recover benefits from a covered plan" under ERISA); *accord Pryzbowski v. U.S. Healthcare, Inc.*, 245 F.3d 266, 271 (3d Cir. 2001).  Laney's state-court complaint contains numerous references to ERISA-governed LTD benefits and an LTD plan.  *See supra* n.5 & accompanying text. For instance, the complaint requested "[a]n order declaring that Plaintiff is eligible for and entitled to . . . LTD benefits and awarding such benefits."  Compl. ¶ 81.  Laney's complaint thus gave adequate notice that her "case [was] one which [was] removable." 28 U.S.C. § 1446(b).

Notwithstanding the numerous references to the LTD plan and LTD benefits on the face of the complaint, defendants claim that they were "not on notice of a potential federal claim in this case" because of a statement by Laney in a previous federal case between Laney and the same three defendants.[10]  However, her statement—in passing, in

---

[10] The statement in that case, made in opposition to summary judgment, was:
> It is apparently Defendants' position that long-term benefits were not an option for Plaintiff at the time of her termination as she had not exhausted any applicable administrative remedy or pre-requisite or even an application for long-term benefits; the issue in this case consists entirely of whether or not Plaintiff was entitled to short-term disability benefits. . . .

the context of litigating a separate civil action that "the issue" in *that* action "consist[ed] entirely of whether or not Plaintiff was entitled to short-term disability benefits" — cannot justify defendants' disregard of the language of the state-court complaint in *this* case. *See* Pl.'s Opp. Defs.' Mot. Summ. J. at 11, *Laney v. Independence Blue Cross, et al.*, Civ. No. 04-1822 (E.D. Pa. Apr. 15, 2005).

Thus, insofar as that this case was removable on the ERISA preemption grounds cited by defendants, such removability was apparent on the face of the state-court complaint. The thirty-day window provided by 28 U.S.C. § 1446(b) for filing a notice of removal therefore opened upon service of the complaint "[o]n or about July 14, 2006," Defs.' Notice Removal ¶ 3, and closed well before defendants filed their notice of removal on September 18, 2006. Accordingly, plaintiff's motion to remand this action will be granted.[11] An order to this effect accompanies this memorandum.

────────────────

Pl.'s Opp. Defs.' Mot. Summ. J. at 11, *Laney v. Independence Blue Cross, et al.*, Civ. No. 04-1822 (E.D. Pa. Apr. 15, 2005).

[11] In her memorandum in support of her motion to remand, plaintiff also seeks an award of "costs and . . . expenses, including attorney fees, incurred as a result of the removal," as authorized by 28 U.S.C. § 1447(c), "because defendants knew that their removal . . . was untimely." Pl.'s Mem. Supp. Mot. Remand 5. Such an award "is left to the Court's discretion" and may be granted "where the substantive basis for the removal petition was frivolous or insubstantial, or where the removing party acted in bad faith, though these factors are not essential." *Fosnocht v. Demko*, 438 F. Supp. 2d 561, 565 (E.D. Pa. 2006) (citing *Mints v. Educ. Testing Serv.*, 99 F.3d 1253, 1260 (3d Cir. 1996)).

The court does not find an award of costs or expenses appropriate in this case. Defendants "ha[ve] raised substantial procedural arguments" in support of removal and in opposition to remand, and, although the court "reject[s] these arguments, [it] cannot regard them as frivolous." *Mints*, 99 F.3d at 1261.

**ORDER**

And now, this 14th day of September, 2007, for the reasons stated in the accompanying memorandum, it is hereby **ORDERED** that plaintiff's Motion to Remand is **GRANTED**, and this case is **REMANDED** to the Philadelphia Court of Common Pleas.

BY THE COURT:

/s/ Louis H. Pollak
_____
Pollak, J.